# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JEANNETTE A. SUAREZ,** *Plaintiff* | § § § |
| v. | § § CIVIL ACTION NO. 1:23-cv-466 |
| **KELLER WILLIAMS REALTY, INC.** *And* **KW ACCELERATOR STUDIOS, LLC,** *Defendants* | § § Jury Demanded § § § § |

## PLAINTIFF JEANNETTE SUAREZ'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW **JEANNETTE SUAREZ**, Plaintiff herein, complaining of Defendant **KELLER WILLIAMS REALTY, INC. and KW ACCELERATOR STUDIOS, LLC** and files this Plaintiff's Original Complaint. Plaintiff asserts discrimination based on age, and retaliation for opposing age discrimination, in violation of the Age Discrimination in Employment Act and disability discrimination and retaliation for opposing disability discrimination in violation of the Americans with Disabilities Act. She asserts the same claims under the Texas Labor Code. Plaintiff further alleges violations of the Fair Labor Standards Act.

## I.
## PARTIES, JURISDICTION AND VENUE

1

1. Plaintiff Jeannette Suarez is an individual and a citizen and resident of Texas and is a former employee of Defendant. She worked for Defendants in Austin, Texas and all relevant events occurred in Austin, Texas, which is within this Court's district.

2. Defendant Keller Williams Realty, Inc. is a Texas Corporation. It may be served with process by certified mail by serving its registered agent Cogency Global Inc. 1601 Elm Street, Suite 4360, Dallas Texas 75201. A waiver of service has been requested.

3. Defendant KW ACCELERTOR STUDIOS, LLC is an entity of unknown form doing business in the State of Texas. It may be served with process by certified mail by serving it at the following address: KW ACCELERATOR STUDIOS, LLC, 1221 S. Mopac Expressway, Suite 400, Austin, Texas 78746. A waiver of service has been requested.

## II.
## FACTUAL BACKGROUND

4. Plaintiff Jeannette Suarez began working for Defendant Keller Williams Realty, Inc. and/or Defendant as a Corporate Receptionist in February of 2022, through a temporary agency. Many of her employment documents and communications demonstrate that her employer was Keller Williams. Her checks, however, indicate that her employer may have been Defendant KW

ACCELERATOR STUDIOS, LLC. To the extent necessary, it is contended that the two Defendants were joint employers and/or that they were respectively alter egos of each other with regard to Plaintiff's employment.

5. Ms. Suarez has the disability of attention deficit hyperactivity disorder (ADHD). This is a long-term condition that affects multiple major life activities including thinking and focusing.

6. Ms. Suarez was sixty-four years old at the time she was hired by Keller Williams.

7. Ms. Suarez was scheduled to work from 7:30am to 4:30pm but would arrive at approximately 7:00 - 7:15 each day to make sure there was someone in the lobby and to turn all the lights on and prepare for arriving staff. She would have to open the door with her security card, which would log the time it was used.

8. Plaintiff was formally hired by Defendant on May 16, 2022.

9. On June 23, 2022, Suarez had a meeting with Lisa Nichols the Vice President of Human Resources.

10. Suarez had been having trouble with her manager, Mr. Dudanowicz. Suarez told Nichols that she was having panic attacks and was trying due to her treatment.

11. One week later, Dudanowicz put Suarez on a performance improvement plan.

12. On July 18, 2022, Suarez submitted her resignation because it became apparent her manager was trying to terminate her and his mistreatment and retaliation became unbearable.

### III.
### PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES BEFORE FILING THIS SUIT

13. Plaintiff has satisfied all procedural requirements and conditions precedent of Title VII and the Texas Labor Code prior to filing this claim. Plaintiff timely filed her charge of discrimination against Keller William with the Equal Employment Opportunity Commission on September 22, 2022, asserting claims of age and disability discrimination and retaliation.

14. Plaintiff received her EEOC right to sue letter on January 25, 2023, and timely files this suit.

15. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

16. Defendant is a realtor that operates throughout Texas. It is asserted Defendant does more than $500,000.00 per year in gross revenues.

17. Plaintiff was employed by Defendant and was regularly scheduled to work 40 or more hours in a work week for Defendant.

18. Defendant knew that Plaintiff was working from 7:00 am to 7:30 am each day but was not paying her. She may have been improperly paid as a salaried employee and was not being paid overtime for all hours worked in excess of 40 hours per week.

19. Plaintiff asserts this is a violation of the FLSA.

20. Plaintiff is owed the overtime rate for each week in which she worked in excess of 40 hours.

21. Plaintiff's hourly rate was $19.23 and the overtime rate she should have been paid for hours in excess of 40 is $28.85.

22. As a result, Plaintiff is owed at least $28.85 for every hour she worked in excess of 40 for the estimated 7 hours per week she was not paid overtime for.

23. Plaintiff Sanchez is further entitled to reasonable and necessary attorneys' fees and costs of court.

24. It is contended Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

**IV.**

## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND TEXAS LABOR CODE

25. The evidence will show that Defendant discriminated against Plaintiff based on her age in violation of the ADEA and/or Texas Labor Code. Specifically, the evidence will show that:

   a. Plaintiff is a member of a protected class based on age. (64 years' old).

   b. Plaintiff was qualified for the position she held with Defendant.

   c. Plaintiff was subject to an adverse employment action. (Constructive Discharge).

   d. The evidence will demonstrate that Plaintiff was treated less favorably than younger co-workers who were not subjected to the same treatment she was and were not terminated.

26. Dudanowicz's discriminatory conduct was targeted at Plaintiff and other female employees, rather than attempting to correct his behavior, Defendant allowed it to continue even after Plainitff's complaints.

27. Plaintiff realleges and incorporates the factual allegations set out above as if fully stated herein.

## V.
## RETALIATION FOR REPORTING AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMIANATION IN EMPLOYMENT ACT AND TEXAS LABOR CODE

28. The evidence will show that each Defendant retaliated against Plaintiff because she complained about age discrimination, in violation of the ADEA and the Texas Labor Code. Specifically:

   a. Plaintiff engaged in protected activity. (Reporting age discrimination to HR).

   b. An adverse employment action occurred. (Plaintiff was terminated by both Defendants.

   c. A causal link exists between the protected activity and the adverse employment action. (Plaintiff was placed on a baseless PIP one week after making her complaints and knew termination was immeident.

29. Plaintiff realleges and incorporates the factual allegations above as if fully stated herein.

## VI.
## DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT, AS AMENDED AND TEXAS LABOR CODE

30. The evidence will show that:

   (1) Plaintiff was disabled (ADHD).

   (2) Plaintiff was qualified for her position of Corporate Receptionist;

   (3) Plaintiff suffered an adverse employment action in that she was constructively discharged; and

   (4) The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination.

7

31. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

## VII.
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. §12203(a) 42 U.S.C. §2000e-3(a) AND TEXAS LABOR CODE

32. The evidence will demonstrate that prior to her termination:

    (1) Plaintiff was disabled (ADHD)

    (2) Plaintiff was subject to an adverse employment action when she was constructively discharged by Defendant.

    (3) The protected activity caused the termination.

## VIII.
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT – COVERAGE UNDER THE ACT

33. 29 U.S.C. §§ 206-207. At all material times, Defendant acted directly or indirectly in the interest of an employer with respect to Plaintiff.

34. At all times hereinafter mentioned, Defendant Keller William and/or KW ACCELERATOR has/have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

37. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by the statute

## IX.
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. During the relevant period, Defendant has violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty

hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

39. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

## X.
## JURY DEMAND

40. Plaintiff requests trial by jury on all claims.

## XI.
## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendants as follows:

1. Judgment against Defendants for Plaintiff's actual damages, including lost wages, bonuses, salary and benefits (both back pay and front pay), in an amount to be determined by the jury;

2. Unpaid wages and overtime pay and liquidated damages as allowed under the Fair Labor Standards Act;

3.      Judgment against Defendants for Plaintiff's compensatory damages and damages to her reputation, past and future, in an amount to be determined by the jury;

4.      An order that Defendants take such other and further actions as may be necessary to redress Defendants' violations and any other applicable claims including reinstatement, if warranted or feasible;

5.      Pre-judgment and post-judgment interest at the maximum amount allowed by law;

6.      Costs of suit, including expert's fees and attorney's fees;

7.      The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas  78229-3550**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

/s/   Adam Poncio
**ADAM PONCIO**
**State Bar No. 16109800**
aponcio@ponciolaw.com
**ALAN BRAUN**
**State Bar No. 2405488**
abraun@ponciolaw.com

**ATTORNEYS FOR PLAINTIFF**